No. 67,777

TURON STATE BANK, *Appellant*, v. THE ESTATE OF WALTER G. FRAMPTON, DECEASED, and DONNA R. DOWNS, *Appellees*.

(861 P.2d 117)

Opinion filed October 29, 1993.

*W. I. Chalfant*, of Branine, Chalfant and Hill, of Hutchinson, argued the cause, and *Dell Marie Shanahan Swearer*, of the same firm, was on the briefs for appellant.

*Robert M. Miles*, of Smith & Miles, Chartered, of Liberal, argued the cause, and *Tom R. Smith*, of the same firm, was on the brief for appellees.

The opinion of the court was delivered by

HOLMES, C.J.: This is an appeal, in a fraudulent conveyance action, by the plaintiff Turon State Bank (Turon) from the trial court's order granting a partial directed verdict and the jury verdict in favor of the defendants, the Estate of Walter G. Frampton, deceased, and his daughter, Donna R. Downs. The Court of Appeals affirmed the trial court in a published opinion, 17 Kan. App. 2d 829, 845 P.2d 79 (1993). This court granted the

plaintiff's petition for review, and we now affirm the decisions of the trial court and the Court of Appeals. However, we disapprove certain overly broad language in the Court of Appeals opinion.

Turon, in its appeal to the Court of Appeals and in its petition for review to this court, asserts three issues of error on the part of the trial court. Turon contends the trial court erred (1) in failing and refusing to give an instruction on the badges of fraud recognized in *Koch Engineering Co. v. Faulconer,* 239 Kan. 101, 716 P.2d 180 (1986), and other cases; (2) in failing and refusing to give its requested instruction on the adequacy of consideration; and (3) in granting a partial directed verdict in favor of the defendants as to 50 acres of property determined to be homestead property.

We have carefully reviewed the entire record and conclude the Court of Appeals opinion adequately addressed the three asserted issues of error and that the Court of Appeals, based upon the facts of this case, reached the correct conclusion on each issue. Therefore, we see no need to rehash the issues here, and we merely adopt the opinion, conclusions, and decision of the Court of Appeals, except as hereinafter modified.

In reaching its opinion relative to the request for an instruction on the six badges of fraud recognized in *Koch Engineering,* the Court of Appeals concluded its discussion by stating: "We therefore hold that in Kansas, the badges or indicia of fraud should not be given as jury instructions, and the trial court did not err in refusing to do so." 17 Kan. App. 2d at 835.

The broad statement from the opinion was adopted in the syllabus as follows: "In a fraudulent conveyance action, a trial court should not give an instruction on the 'badges' or 'indicia' of fraud." 17 Kan. App. 2d 829, Syl. ¶ 1.

The Court of Appeals has apparently adopted a bright line rule to the effect that an instruction on the badges of fraud should never be given and has, at least by implication, given the impression that it would always be error to give such an instruction. We think any such rule is overly broad and decline to forever close the door on such an instruction. We are not so clairvoyant as to be able to perceive the circumstances of all the fraud cases which may arise in the future, and there may very well be cases where such an instruction might be appropriate.

We have never held that the giving of a badges of fraud instruction is error per se. To the contrary, our cases indicate otherwise. In *Chapman v. Farrell,* 96 Kan. 659, 153 Pac. 511 (1915), the plaintiff sought to recover possession of personal property which was seized on execution by the defendant sheriff to satisfy a judgment against plaintiff's husband. The property had been transferred to the plaintiff by her husband just a few days prior to the execution. The plaintiff claimed there was no fraud in the transfer to her from her husband and even if it was fraudulent on his part, she had no knowledge of the fraud and did not participate in it. The trial court in instructing the jury gave an instruction which incorporated some of the badges of fraud recognized in more recent decisions of this court. On appeal, the court found no error in the giving of the following instruction:

" 'It is rare, indeed, that fraud can be proved by direct and positive testimony of reliable witnesses. It is an almost invariable rule that it can only be deduced from a consideration of many facts and circumstances; from the conduct, statements, dealings and surroundings of the parties, from their relationship to each other, and from the many little doings of the parties which indicate their secret motives, which as a rule are studiously concealed from those it is intended to wrong. Any unusual or extraordinary methods, if any, which they adopted in conducting business; any secrecy or concealment in business and any unusual methods or acts connected with the transactions in question in the case are proper to be considered in determining whether fraud in fact exists in connection with the transaction.' " 96 Kan. 659, Syl. ¶ 3.

In *Morse v. Ryland,* 58 Kan. 250, 48 Pac. 957 (1897), the plaintiff's brother transferred personal property to the plaintiff, ostensibly to settle an indebtedness owed the plaintiff. The transfer was alleged to be fraudulent and an attempt to avoid attachment and execution to satisfy other creditors. In that case this Court held it was error not to give an instruction that would advise the jury about the circumstances of the case. The court stated:

"It is rare indeed that fraud can be proved by the direct and positive testimony of reliable witnesses. It is an almost invariable rule that it can only be deduced from a consideration of many facts and circumstances; from the conduct, statements, dealings, and surroundings of the parties, from their relationship to each other, and from the many little doings of the parties which indicate their secret motives, which as a rule are studiously concealed from those it is intended to wrong. The third instruction asked

by the defendant is a fair statement of the law on this proposition, and the substance of it should have been given." 58 Kan. at 259.

Although these early cases do not refer to the badges of fraud as such, our more recent cases do recognize the connection between the badges of fraud and the proof necessary to support a finding of fraud. See *Mohr v. State Bank of Stanley,* 244 Kan. 555, 770 P.2d 466 (1989); *City of Arkansas City v. Anderson,* 243 Kan. 627, 762 P.2d 183 (1988), *cert. denied* 490 U.S. 1098 (1989); *Koch Engineering Co. v. Faulconer,* 239 Kan. 101; *Credit Union of Amer. v. Myers,* 234 Kan. 773, 676 P.2d 99 (1984); *Polk v. Polk,* 210 Kan. 107, 499 P.2d 1142 (1972). In *Koch Engineering,* we outlined the legal relationship which exists between the badges of fraud and the elements of a fraudulent conveyance. In doing so, we relied upon a number of cases and authorities, stating:

" 'This court has recognized six badges or indicia of fraud. The badges or indicia of fraud are: (1) a relationship between the grantor and grantee; (2) the grantee's knowledge of litigation against the grantor; (3) insolvency of the grantor; (4) a belief on the grantee's part that the contract was the grantor's last asset subject to a Kansas execution; (5) inadequacy of consideration; and (6) consummation of the transaction contrary to normal business procedures.'

. . . .

" 'While some courts, without purporting to set forth an exhaustive list, have enumerated many of the more common badges of fraud, the possible indicia of fraud are so numerous that no court could undertake to anticipate and catalog them all . . . .

"The general rule is, of course, that fraud is never presumed and must be established by clear and convincing evidence. The burden of establishing fraud is upon the party asserting it. Direct evidence of fraud is not always available; more frequently fraud must be established by circumstantial evidence.

. . . .

". . . Badges of fraud are circumstances frequently attending conveyances and transfers intending to hinder, delay, or defraud creditors. They are red flags, and when they are unexplained in the evidence, they may warrant an inference of fraud. Some are weak; others are strong. One weak badge of fraud, standing alone, would have little evidentiary value in establishing a fraudulent conveyance. . . . On the other hand, the concurrence of several badges of fraud are said to make out a strong case." 239 Kan. at 105-07.

While the Court of Appeals' adoption of a bright line rule is appealing and certainly sends a clear signal to our trial judges, we are not prepared to say that in an appropriate case the giving of a badges of fraud instruction would be error. There may very well be cases in which the giving of such an instruction would not only be appropriate but preferable.

Without going into detail or reviewing the Court of Appeals opinion at length, we agree that the giving of such an instruction in the present case would not only have been inappropriate but probably erroneous. The only badge of fraud which might have been considered under the evidence in this case was the one relating to the relationship between the grantor and grantee. That was never an issue and was made clear in the instructions that were given.

In conclusion, we hold that the quoted language from the Court of Appeals opinion and syllabus is overly broad. Syllabus ¶ 1 of the Court of Appeals opinion and the corresponding statement in the opinion are hereby disapproved. While we do not endorse or recommend the giving of an instruction on the badges or indicia of fraud, we think the determination of whether one should be given should be left to the sound discretion of the trial court based upon the facts and circumstances of the particular case. We anticipate that ordinarily a trial court will not need to give such an instruction, but if the court is of the opinion, based upon the evidence and circumstances of the case, that such an instruction is necessary for the guidance of the jury in arriving at a proper verdict, the trial court should not be precluded from giving an instruction on the badges or indicia of fraud.

The decision of the Court of Appeals is affirmed, and the opinion is modified as hereinbefore set forth. The judgment of the district court is affirmed.

DAVIS, J., not participating.

MILLER, C.J., Retired, assigned.